UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEREK JEROME LEWIS,

    Plaintiff,

v.

FULL SAIL, LLC;
LOS ANGELES RECORDING SCHOOL, LLC;    Case No: _____
LOS ANGELES FILM SCHOOLS, LLC;
TA ASSOCIATES MANAGEMENT, LP;
ROCKY MOUNTAIN COLLEGE, LLC
  d/b/a ROCKY MOUNTAIN COLLEGE OF
  ART & DESIGN; and
ROBERT GARY STEPHENS,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants FULL SAIL, LLC ("Full Sail"), LOS ANGELES RECORDING SCHOOL, LLC, LOS ANGELES FILM SCHOOLS, LLC, TA ASSOCIATES MANAGEMENT, LP ("TA Associates"), and ROCKY MOUNTAIN COLLEGE, LLC d/b/a ROCKY MOUNTAIN COLLEGE OF ART & DESIGN (collectively, "Corporate Defendants")[1], by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove to the United States District Court for the District of Columbia the court action described below. As grounds for removal, Corporate Defendants state as follows.

1.    This case was commenced by Plaintiff, DEREK JEROME LEWIS ("PLAINTIFF"), in the Superior Court of the District of Columbia, as Case Number 16-007352.

---

[1] Plaintiff's Complaint provided incomplete names of the Corporate Defendants in its Caption. With this Notice of Removal, the Corporate Defendants include their complete and correct names in the Caption.

A true and correct copy of the Complaint papers filed in the District of Columbia Superior Court ("Complaint") is attached hereto as part of Exhibit A.

2.  The Complaint does not follow District of Columbia Superior Court Rule of Civil Procedure 10(b) or Federal Rule of Civil Procedure 10(b), both of which require that claims be set forth in numbered paragraphs and that each claim be pleaded as a separate count.

3.  Instead, Plaintiff – who is not represented by counsel – submitted a "Complaint" cover sheet, which contains the phrases "conspiracy" and "Ponzi Scheme Educational" along with a demand for $1,000,000,000.00 and a note stating "please see attached documents."

4.  Immediately following the cover sheet, Plaintiff attached a variety of documents, consisting of the following:

- A complaint filed with the United States Department of Labor, in which Mr. Lewis alleges that Defendant Full Sail, LLC violated the employment whistleblower provisions of the Consumer Financial Protection Act (CFPA) (Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law No. 111-203), 12 U.S.C. § 5567 (the "CFPA Complaint");

- A submission to the United States Department of Education Office for Civil Rights, alleging "Trump like University Fraud" and naming Full Sail (the "DOE Claim");

- A "Form TCR TIP COMPLAINT OR REFERRAL" submission to the United States Securities and Exchange Commission, seeking to report "False Claim Act, Embezzlement, Money Laundering, IRS, Misleading Marketing, Ponzi Scheme" and naming Full Sail and TA Associates (the "SEC Claim");

- A document of unknown origin, apparently purporting to show the relationship between and amongst Defendants and various other individuals;

- Correspondence from Defendant Robert Gary Stephens;

- Correspondence to United States Senator Elizabeth Warren;

- Numerous financial and loan documents relating to Plaintiff's enrollment at Full Sail; and

- An internet article that references Full Sail.

5.	Copies of the Summons and Complaint papers were served on the Corporate Defendants on October 6, 2016.  True and correct copies of all documents served on the Corporate Defendants are attached as part of Exhibit A.

6.	The attached Exhibit A includes all of the process, pleadings, and orders received by Corporate Defendants in this matter.

7.	Although the Corporate Defendants dispute any liability to Plaintiff, the Corporate Defendants expressly incorporate the allegations contained in the Complaint papers attached hereto as part of Exhibit A for the purpose of demonstrating the propriety of removal.

8.	The above described action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 without regard to the amount in controversy or the citizenship of the parties in that it appears from the Complaint – and specifically from the CFPA Complaint attached thereto – that this is a civil action alleging violation(s) of the Consumer Financial Protection Act, 12 U.S.C. § 5567.  Based on this claim alone, removal therefore is proper under 28 U.S.C. § 1441.  *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).

9.	While it is difficult to discern the precise nature of Plaintiff's other causes of action, his SEC Complaint also provides a basis for removal under 28 U.S.C. § 1441.  Plaintiff provides scant information as to the nature of his SEC Complaint.  However, the "Form TCR" that he filed is made available to individuals who wish to report claims under Section 922 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6 (2012). *See Whistleblower Program,* U.S. Securities and Exchange Commission, https://www.sec.gov/spotlight/dodd-frank/whistleblower.shtml (last visited Oct. 21, 2016); *Submit a Tip,* U.S Securities and Exchange Commission/Office of the Whistleblower, https://www.sec.gov/about/offices/owb/owb-tips.shtml (last visited Oct. 21, 2016).

10. Additionally, Plaintiff's DOE Claim was filed with the Department of Education's Office for Civil Rights ("OCR"). OCR is responsible for enforcing regulations that implement a variety of federal statutes. *See Regulations Enforced by the Office for Civil Rights*, U.S. Department of Education, https://www2.ed.gov/policy/rights/reg/ocr/index.html?exp=6 (last visited October 20, 2016). Accordingly, the DOE claim provides another basis for removal under 28 U.S.C. § 1441.

11. As this Court thus has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331(a), this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

12. Plaintiff also appears to bring state law claims which arise out of the same transaction or occurrence as his federal statutory law claims. For example, the DOE and SEC Claims both make reference to "fraud." Therefore, to the extent that any defined state law claims can be discerned, Plaintiff has treated such claims as related to his federal statutory law claims such that they form part of the same case or controversy and are, therefore, within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

13. For purposes of removal, venue of the removed action lies in the United States District Court for the District of Columbia because the District of Columbia Superior Court action was filed and is pending in a place embraced within the United States District Court for the District of Columbia.[2]

14. The Corporate Defendants were served with copies of Plaintiff's Summons and Complaint papers on October 6, 2016. As such, this Notice of Removal is timely because it is

---

[2] Venue was not proper in the District of Columbia Superior Court, because none of the Defendants are residents of the District of Columbia, on information and belief, Plaintiff is not a resident of the District of Columbia, and it does not appear that the Complaint involves occurrences that took place in the District of Columbia. Accordingly, this case is subject to transfer pursuant to 28 U.S.C. §1404 and/or 28 U.S.C. §1406.

4836-2149-8171.2

being filed within thirty (30) days after the Corporate Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446.

15.	Upon information and belief, Defendant Robert Gary Stephens has been served with Plaintiff's Summons and Complaint. Defendant Stephens has confirmed with the undersigned counsel that he consents to the removal of this action. Accordingly, removal complies with the requirements of 28 U.S.C. § 1446(b)(2)(A), which requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

16.	Pursuant to 28 U.S.C. § 1446(d), Corporate Defendants are serving written notice on Plaintiff of the filing of this Notice of Removal, and will serve and file a Notice of Removal of the Superior Court action, a copy of which is attached as Exhibit B, and a true and correct copy of this Notice of Removal with the Clerk of the District of Columbia Superior Court.

17.	As required by 28 U.S.C. § 1446(a), Corporate Defendants have attached copies of all state court process and pleadings to this Notice of Removal. *See* Exhibit A.

18.	The Corporate Defendants have not attempted to litigate this case in the District of Columbia Superior Court or taken any action that could be construed as a waiver of their right of removal.

19.	By removing the above-captioned case to this Court, the Corporate Defendants do not waive any of their available defenses.

20.	This Notice has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants FULL SAIL, LLC, LOS ANGELES RECORDING SCHOOL, LLC, LOS ANGELES FILM SCHOOLS, LLC, TA ASSOCIATES

y
z
w

MANAGEMENT, LP, and ROCKY MOUNTAIN COLLEGE, LLC d/b/a ROCKY MOUNTAIN COLLEGE OF ART & DESIGN pray that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the District of Columbia Superior Court into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated:  October 26, 2016

Respectfully submitted,

/s/Paul R. Monsees

**FOLEY & LARDNER LLP**

Paul R. Monsees (D.C. Bar No. 367138)
Olivia Singelmann, (D.C. Bar No. 1016299)
3000 K Street, Suite 600
Washington, DC 20007-5109
pmonsees@foley.com
osingelmann@foley.com
202.672.5300 Telephone
202.672.5399

***Attorneys for Corporate Defendants***

4836-2149-8171.2

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2016, I electronically filed the foregoing Defendants' Notice of Removal with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day, via first-class mail, postage prepaid on:

>Derek Jerome Lewis
>1038 Chatham Pines Circle
>Apt. 114
>Winter Springs, FL 32708-5246
>
>Derek Jerome Lewis
>P.O. Box 300221
>Houston, Texas 77230
>
>Robert Gary Stephens
>6310 Olde Pecan Drive, Suite 200
>Richmond, Texas 77406

>*/s/Paul R. Monsees*

4836-2149-8171.2