**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
DEREK JEROME LEWIS,             )
                                )
            Plaintiff,          )
                                )
        v.                      )  Civil Action No. 16-2150 (EGS)
                                )
FULL SAIL, LLC, *et al.*,       )
                                )
            Defendants.         )
_____)

<u>**MEMORANDUM OPINION**</u>

This past October, plaintiff Derek Jerome Lewis, proceeding *pro se*, filed suit in the Superior Court of the District of Columbia against Full Sail, LLC, Los Angeles Recording School, LLC, Los Angeles Film Schools, LLC, TA Associates Management, LP, Rocky Mountain College of Art & Design (collectively "Corporate Defendants"), and attorney Robert Gary Stephens. Compl., ECF No. 5 at 36.[1] The suit was subsequently removed to this Court. *See* Notice of Removal, ECF No. 1.

The various documents that Mr. Lewis filed along with his complaint state that he enrolled at Florida-based Full Sail University to pursue a recording arts degree in early 2015. Letter to Occupational Safety and Health Administration ("OSHA Letter"), ECF No. 5 at 37. He used federal loan money to pay his

_____

[1] Page-number citations to documents the parties have filed refer to the page numbers that the Court's electronic filing system assigns.

tuition and other expenses. *Id.* He contends that near the end of
2015 he stopped taking Full Sail courses on a full-time basis
but that Full Sail continued to charge him for courses that he
was not taking, and he alleges that Full Sail engaged in other
tuition- and fee-related improprieties, like not providing him
refunds and account credits to which he contends that he was
entitled. *See id.* at 37-38. According to a chart that appears to
have been prepared by Mr. Lewis, Los Angeles Film Schools, Los
Angeles Recording School, and Rocky Mountain College of Art &
Design are offshoots or subsidiaries of Full Sail, which in turn
is controlled by the private equity firm TA Associates
Management. *See* Chart, ECF No. 5 at 46. Mr. Stephens appears to
be a Texas-based lawyer who has declined to represent Mr. Lewis
in his "case against Full Sail and any other responsible
parties." Denial of Representation Letter, ECF No. 5 at 47-48.

Mr. Lewis' complaint refers to a "Conspiracy" and to a
"Ponzi Scheme – Educational" without further elaboration,
Compl., ECF No. 5 at 36, and the various documents he has filed
along with that complaint refer to various related grievances
arising from his relationship with Full Sail. *See* OSHA Letter,
ECF No. 5 at 38 (referring to "a violation of the Consumer
Financial Protection Act," 12 U.S.C. § 5567); Document to U.S.
Department of Education, ECF No. 5 at 39 (referring to "fraud");
Form TCR (Tip, Complaint or Referral) to U.S. Securities and

Exchange Commission, ECF No. 5 at 41 (referring to "False Claim
Act, Embezzlement, Money Laundering, IRS, Misleading Marketing"
and a "Ponzi Scheme"); Occupational Safety and Health
Administration Whistleblower or Retaliation Complaint, ECF No. 5
at 69 (referring to "False Claim Act, Embezzlement, Medical
Malpractice, IRS Fr[au]d").

The Corporate Defendants and Mr. Stephens have filed
motions to dismiss. *See* Corporate Defs.' Mot. to Dismiss, ECF
No. 3; Def. Robert Gary Stephens' Mot. to Dismiss, ECF No. 6.
They contend that the Court lacks personal jurisdiction over
them and that Mr. Lewis has failed to state a claim upon which
relief can be granted. Corporate Defs.' Mem. in Supp. of Mot. to
Dismiss, ECF No. 3-1 at 4-12; Robert Gary Stephens' Mem. in
Supp. of Mot. to Dismiss, ECF No. 6-2 at 1-2. The Court ordered
Mr. Lewis to respond to the defendants' motions to dismiss,
advised him that his failure to do so could result in the
dismissal of his claims without prejudice, and, after the Court
received an email from Mr. Lewis in lieu of a properly-filed
response, instructed him to file his response to the defendants'
motions with the Clerk of the Court. *See* Minute Order of
December 1, 2016; Minute Order of December 27, 2016. Instead of
filing his response with the Clerk, Mr. Lewis mailed to the
Court various documents, which the Court has filed on the docket
in this case. *See* Documents, ECF No. 7.

3

Upon review of the defendants' motions, Mr. Lewis' submissions, the relevant law, and the entire record, the Court agrees with the defendants that it lacks personal jurisdiction over them and, in the alternative, that Mr. Lewis has failed to state a claim for which relief can be granted. Accordingly, the Court **GRANTS** the defendants' motions to dismiss.

Under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for personal jurisdiction. *Okolie v. Future Servs. Gen. Trading & Contracting Co., W.L.L.*, 102 F. Supp. 3d 172, 175 (D.D.C. 2015) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)). To meet that burden, the plaintiff "'must allege specific acts connecting [the] defendant with the forum.'" *Id.* (quoting *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). The Court may exercise one of two types of personal jurisdiction: (1) "'general or all-purpose jurisdiction'" or (2) "'specific or case-linked jurisdiction.'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Exercise of general jurisdiction, which permits a court to hear any and all claims against a defendant, requires that a defendant's contacts with the forum be "continuous and systematic" such that the defendant is "essentially at home" in the forum. *See Goodyear*, 564 U.S. at 919. "For an individual, the paradigm forum for the exercise of

4

general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924. Specific jurisdiction, on the other hand, "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 919 (internal quotation marks omitted). That is, "[s]pecific jurisdiction requires only sufficient minimum contacts with the forum, but requires that the plaintiff's claims arise from those contacts." *Brit UW, Ltd. v. Manhattan Beachwear, LLC*, No. 16-523, 2017 WL 375607, at *4 (D.D.C. Jan. 26, 2017) (internal quotation marks and alterations omitted).

Mr. Lewis has mailed a document to the Court that appears to assert that Full Sail made a phone call, sent a mesh laptop case, and sent tuition funds to a student or prospective student in the District of Columbia. *See* Documents, ECF No. 7 at 2. These District of Columbia contacts——the only District of Columbia contacts to which Mr. Lewis points the Court——do not permit the Court to exercise general or specific jurisdiction. As concerns general jurisdiction, Mr. Lewis has not demonstrated that any of the defendants have contacts with this forum that are "continuous and systematic" such that those defendants are "essentially at home" in this forum. *See Goodyear*, 564 U.S. at 919. And as concerns specific jurisdiction, nothing Mr. Lewis

has provided to the Court demonstrates that any of his claims arise from whatever contact the defendants have had with this forum. *See Brit UW, Ltd.*, 2017 WL 375607, at *4. Accordingly, the Court lacks personal jurisdiction over the defendants.

In any event, Mr. Lewis has not stated a plausible cause of action against any of the defendants, so dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint," *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted), and the court must give the plaintiff the "benefit of all inferences

that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Even so, the court need not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Id.* Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim." *Iqbal*, 556 U.S. at 678. Additionally, "[i]n determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks omitted). And although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681-82 (quoting *Iqbal*, 556 U.S. at 679).

Mr. Lewis' complaint clearly refers to only two claims: "Conspiracy" and "Ponzi Scheme – Educational." Compl., ECF No. 5 at 36. To state a claim of conspiracy, a plaintiff "must allege with some factual support: (1) an agreement between two or more

persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *Mattiaccio v. DHA Grp., Inc.*, 20 F. Supp. 3d 220, 230 (D.D.C. 2014) (internal quotation marks omitted). Although Mr. Lewis appears to allege that Full Sail charged him for courses that he did not take and engaged in other tuition- and fee-related improprieties, OSHA Letter, ECF No. 5 at 37-38, he has not alleged that Full Sail or any other defendant was in agreement with other persons or entities to commit unlawful acts. *See McCreary v. Heath*, No. 04-623, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) ("An essential element of any conspiracy claim is the existence of some actual conspiracy."). The chart that he has submitted that purports to show relationships between various of the defendants, *see* Chart, ECF No. 5 at 46, is "purely conclusory, and devoid of any factual support" for the notion that certain defendants had agreed to engage in unlawful acts. *See Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 113 (D.D.C. 2010) (finding a failure to plead an agreement sufficient to state a conspiracy claim where the plaintiffs merely alleged that certain defendants "acted in concert" and were "conspiring" to engage in unlawful acts); *see also Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 141

(D.D.C. 2013) ("[C]onclusory allegations of an agreement do not suffice; parties must allege facts showing the existence or establishment of an agreement."). Accordingly, Mr. Lewis has failed to state a conspiracy claim.

And construing Mr. Lewis' "Ponzi Scheme – Educational" reference as an assertion of some version of a fraud claim, *see* Document to U.S. Department of Education, ECF No. 5 at 39 (referring to "fraud"); Form TCR (Tip, Complaint or Referral) to U.S. Securities and Exchange Commission, ECF No. 5 at 41 (referring to "False Claim Act, Embezzlement, Money Laundering, IRS, Misleading Marketing" and a "Ponzi Scheme"); Occupational Safety and Health Administration Whistleblower or Retaliation Complaint, ECF No. 5 at 69 (referring to "False Claim Act, Embezzlement, . . . IRS Fr[au]d"), Mr. Lewis also fails to state a claim of fraud. Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires the pleader to "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud," as well as the "identi[ty] [of the] individuals allegedly involved in the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (internal quotation marks and citations

omitted). Mr. Lewis has alleged improprieties related to tuition
and fees, and he has alleged that Full Sail charged him for
courses that he did not take, but he has not provided any
specifics concerning misrepresentations made by Full Sail or any
other defendant. In short, Mr. Lewis has not pleaded with
particularity the fraudulent representations of Full Sail or any
other defendant, and thus he has failed to state a claim of
fraud. *See Busby*, 932 F. Supp. 2d at 136-37 ("Unless a complaint
pleads with particularity a defendant's alleged fraudulent
representations, the plaintiff will not be permitted to maintain
the claim.") (internal quotation marks omitted). Accordingly,
Mr. Lewis fails to state a fraud claim.

To the extent that Mr. Lewis seeks to assert a claim in
this Court under 12 U.S.C. § 5567(a), the anti-retaliation
provision of Title X of the Dodd-Frank Wall Street Reform and
Consumer Protection Act, *see* OSHA Letter, ECF No. 5 at 37-38, he
has failed to state such a claim. That anti-retaliation
provision protects a "covered employee" or such an employee's
"authorized representative" from retaliation. 12 U.S.C. §
5567(a). A "covered employee" is "any individual performing
tasks related to the offering or provision of a consumer
financial product or service." *Id.* § 5567(b). Even assuming that
Mr. Lewis has alleged that Full Sail or any other defendant
discriminated against him for undertaking the various actions

for which § 5567(a) seeks to provide protection——which he has
not——and assuming further that Mr. Lewis has exhausted his
administrative remedies, *see id.* § 5567(c), he does not allege
that he was an employee of Full Sail or any other defendant who
"perform[ed] tasks related to the offering or provision of a
consumer financial product or service," *id.* § 5567(b), nor does
he allege that he was an "authorized representative" of an
employee who performed such tasks. *See id.* § 5567(a). Mr. Lewis
thus has failed to state a § 5567(a) claim. *See Wimmer v.
Gateway Funding Diversified Mortg. Servs., L.P.*, No. 15-241,
2015 WL 5453058, at *5 (S.D. Ohio Sept. 17, 2015) (explaining
that even a plaintiff who "alleged only that he 'was a covered
employee of [a defendant] within the meaning of 12 U.S.C. §
5567'" would fail to state a plausible claim for relief).[2]

---

[2] Additionally, to the extent that Mr. Lewis seeks to assert
claims under other anti-retaliation provisions of securities and
workplace safety laws, *see* Form TCR (Tip, Complaint or Referral)
to U.S. Securities and Exchange Commission, ECF No. 5 at 40-45;
Occupational Safety and Health Administration Whistleblower or
Retaliation Complaint, ECF No. 5 at 66-71, assuming a non-
employee were permitted to make such claims and that private
causes of action were available to him, he fails to state such
claims because his filings fail to allege that Full Sail or any
other defendant discriminated or retaliated against him for
engaging in statutorily protected activity. And to the extent
that he seeks to assert substantive, non-retaliation claims
premised on securities or workplace safety laws, *see* Form TCR
(Tip, Complaint or Referral) to U.S. Securities and Exchange
Commission, ECF No. 5 at 40-45; Occupational Safety and Health
Administration Whistleblower or Retaliation Complaint, ECF No. 5
at 66-71, the Court is unable to discern from the limited
information provided in the relevant filings what those claims

Accordingly, for the foregoing reasons, the defendants' motions to dismiss are **GRANTED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

Signed:     **Emmet G. Sullivan**
            **United States District Judge**
            **July 24, 2017**

---

might be and, in any event, is unable to identify factual allegations that could support any such claims.